JOHN ISENMAN, Appellant, v. REUBEN FUGATE *et al.*, Respondents.

**St. Louis Court of Appeals, April 29, 1889.**

1. **Mechanic's Lien**: WAIVER.  In a suit for a mechanic's lien on account of lumber furnished by the plaintiff, an answer setting up an agreement entered into by the plaintiff, the building contractor and the owner, whereby the plaintiff bound himself not to set up or claim any mechanic's lien on account of said lumber, contained a good defense against the lien claim, and the court did not err in refusing to strike it out.

2. **Practice, Appellate** : SUBSTANTIAL EVIDENCE.  When the record shows that there was substantial evidence in support of the making of a contract which was effectual to defeat the plaintiff's claim, a finding and judgment for the defendant will not be disturbed on appeal.

*Appeal from the St. Francois Circuit Court.*—HON. JAMES D. Fox, Judge.

AFFIRMED.

*Taylor & Smith*, for the appellant.

The lien of a mechanic or material man, given by our statute, can only be waived in express terms. *Peck v. Bridwell*, 10 Mo. App. 527 ; *Jodd v. Duncan*, 9 Mo. App. 424 ; Jones on Liens, secs. 1520, 1521, *et seq.;* *Grant v. Strong*, 18 Wall. 624 ; Phillips on Mechanic's Lien [2 Ed.] 274 ; *Sodini v. Winter*, 32 Md. 130 ; *Crean v. McFee*, 2 Miles, 217 ; *Hartman v. Berry*, 56 Mo. 491 ; *Hayden v. Wulfing*, 19 Mo. App. 355 ; *Dietz v. Leete*, 28 Mo. App. 540, *et seq.;* *Katzenbach v. Holt*, 12 At. Rep. [N. J.] 383.   The question of the waiving of the lien of a mechanic or material man is one of intent upon the part of such lienor.  *Grant v. Strong*, 18 Wall. 624 ;

*Peck v. Bridwell*, 10 Mo. App. 527 ; *Jodd v. Duncan*, 9 Mo. App. 424 ; Jones on Liens, sec. 1520, cas. cit. ; *Hale v. Railroad*, 13 Fed. Rep. 205. Plaintiff was not bound by any agreement between co-defendants, that they may have had to settle any old indebtedness between them. *Henry & Coatsworth v. Evans*, 97 Mo. 47. If there ever was a contract made by plaintiffs not to claim and file a lien on defendant Fugate's house, it was a conditional one, and the condition was a condition precedent, which was that Fugate should release his deed of trust on co-defendant Hawn's farm, so that Hawn could pay plaintiff for the lumber received and worked into Fugate's house, or assign the deed of trust to plaintiff. And further, if a contract depends upon a condition precedent, before required to be executed, such condition precedent must be performed by the party upon which it rests by the terms of the contract. Bish. Cont. [Enlarged Ed.] sec. 586, and note 1 ; Bish. Cont. [Enlarged Ed.] sec. 1422 ; *Drake v. Hill*, 53· Iowa, 39 ; Leake on Cont. 664 ; *Minks v. Miller*, 13 Mo. App. 366 ; Phillips on Mechanic's Lien, secs. 285, 286 ; *Gardner v. Hill*, 29 Ill. 277 ; *Lutz v. Ey*, 3. E. D. Smith, 631 ; *Wheeler v. Schrader*, 4· R. I. 383. The contract whereby plaintiff waives his lien as a material man, as contended for by co-defendants, is without any consideration and void. Phillips on Mechanic's Lien, sec. 285, last clause of section ; *Benson v. Mole*, 9 Phila. 66 ; *Sodini & Leiter v. Winter*, 32 Md. 130 ; Bish. on Cont. [Enlarged 2 Ed.] secs. 71–74, and notes ; Leake on Cont. 631. The court should have sustained the motion of plaintiff to strike out that part of defendant's answer designated in such motion. *Hartman v. Berry*, 56 Mo. 491 ; *Dietz v. Leete*, 28 Mo. App. 540.

*William Carter* and *Weber*, for the respondents.

The evidence overwhelmingly shows that appellant agreed with both defendants Hawn and Fugate that he

would sell and deliver the material to defendant Hawn, and look to him alone for compensation, and that he would not file a lien upon defendant Fugate's property for any material furnished by him ; and that this was the contract, appellant admits in his own testimony before the trial court. Nor is an agreement to waive a mechanic's lien affected by the statute of frauds any more than the original contract to build, etc. ; our statute regulating mechanic's liens does not require either to be in writing, and the statute of frauds does not apply to these contracts. Phillips on Mechanic's liens, sec. 15, p. 164, and cases cited ; also sec. 505, p. 662 and 3, same author. Nor is it necessary that there should be a consideration to support a waiver. *Griffith v. Gillun*, 31 Mo. App. 33. Hence, the court committed no error in overruling appellant's motion to strike out defendant's answer ; moreover, appellant, by filing his replication after his motion to strike out defendant's answer had been overruled thus pleading over, waived his motion to strike out and he cannot now take advantage of it, even if it had been well taken. *Highley v. Noell*, 51 Mo. 145 ; *Ware v. Johnson*, 55 Mo. 500. We say, further, that the testimony taken altogether does not disclose any such contract or agreement as contended for by appellant in his brief ; there was no condition precedent attached to appellant's agreement that he would furnish the material for the house and look to Hawn for it and that he would not file a lien upon respondent Fugate's house ; nor can the testimony be distorted into giving coloring to any such agreement or arrangement.

THOMPSON, J., delivered the opinion of the court.

This was an action by a material man to enforce a lien against a lot of ground belonging to the defendant Fugate, for certain lumber furnished by the plaintiff for the erection of a building thereon. The cause was tried in the circuit court without a jury and the court rendered a verdict and judgment in favor of the plaintiff

and against the defendant Hawn, who was the contractor for the erection of the building, but in favor of the defendant Fugate, refusing to establish the plaintiff's lien upon the property. The plaintiff appeals to this court. The only contest made on behalf of the defendants in this court is made by the defendant Fugate.

No instructions were asked for by either party and none were given. The errors assigned are: (1) That the court erred in refusing to sustain plaintiff's motion to strike out a portion of the answer. (2) That the court erred in admitting any testimony in support of the defense therein set up. (3) That the court erred in its conclusion upon the evidence that the plaintiff had waived his lien as a material man. (4) That the court erred in giving judgment for the defendant Fugate.

It is perceived that all these assignments of error resolve themselves into two questions: (1) Whether the special defense set up in the answer was good as matter of law. (2) Whether, if it was good as matter of law, there was substantial evidence tending to support it. No other questions arise upon the record.

I. The substance of the special defense was that Hawn, the contractor, was indebted to Fugate, the owner of the property; that it was arranged between Fugate and Hawn that Hawn should work out his indebtedness to Fugate by erecting the building for Fugate and that it was agreed, among Fugate, Hawn, and the plaintiff, that the plaintiff would look exclusively to Hawn for his pay for the lumber which he should furnish for the erection of the building, and that he would not file a lien upon the building therefor; and finally, that it was upon the faith of this agreement, and upon this ground only, that the defendant Fugate permitted the erection of the building to go on. This defense, if made out, shows a distinct waiver on the part of the defendant of his right to enforce a material man's lien against the

building. It shows that this waiver took the form of a contract supported by a distinct consideration, namely, the consideration that the other contracting parties would take the lumber from him and that the erection of the building should go on, whereby the plaintiff would obtain a sale for the lumber required in its erection. It is not, of course, claimed that a material man cannot waive his right to a mechanic's lien, and it therefore follows that the court committed no error in overruling the plaintiff's motion to strike out so much of the answer as set up this special defense.

II. The remaining question, whether this defense was supported by substantial evidence, must clearly be resolved against the appellant. This is a case at law. We neither rehear the case as chancellors nor can we assume the office of jurors. It is sufficient for us to see that there was substantial evidence tending to establish this special defense. There was substantial and distinct evidence to that end.

The judgment must accordingly be affirmed. It is so ordered. All the judges concur.